FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 2 9 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MITCHELLE FELIX,

                                    Plaintiff,

                -against-

FERNANDEZ-ABDALLAH and HOMES,

                                    Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-1219 (SLT)

**TOWNES, United States District Judge:**

In this *pro se* action, plaintiff Mitchelle Felix ("Plaintiff") principally alleges that two employees and/or residents of the building in which she lives retaliated against her in various ways for reporting a building employee's misconduct to the police. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons discussed below, Plaintiff's complaint is dismissed and Plaintiff is granted leave to amend her complaint as detailed below.

### BACKGROUND

On March 4, 2013, Plaintiff commenced this action by filing a nine-page complaint (the "Complaint"). The first page of this pleading is a sample complaint form, which contains four paragraphs – each headed by a roman numeral – listing information to include in the complaint. Paragraph I provides a template for listing the parties to the action. Paragraph II cues the prospective litigant to allege a basis for subject-matter jurisdiction, stating, "The jurisdiction of the Court is invoked pursuant to _____." The third paragraph instructs the prospective litigant on how to allege a "Statement of Claim," and the fourth paragraph directs the prospective litigant to explain what relief is sought from each defendant.

This sample complaint bears a boldfaced heading which instructs prospective litigants not to submit the sample complaint form to the Court. Nonetheless, Plaintiff used this form as the first page of her Complaint, writing the names of the parties in the caption and filling in blanks in paragraph I with her name and address and the names and addresses of the two defendants: Fernandez-Abdallah and Homes.[1] Although Plaintiff signed and dated the sample complaint, she did not complete the blank in Paragraph II, or write anything under Paragraphs III and IV.

The second page of the Complaint is a handwritten document which appears to follow the format of the sample complaint. The top of this page contains a caption which indicates that this action is brought against "Fernandez-Abdllah," but makes no mention of defendant Homes. Defendant Homes is mentioned, however, in a paragraph entitled "1.) Parties." Below that paragraph are three lines which read:

> II. Discrimination
> III.
> IV. Press charges against this shelter

The third and fourth pages of the Complaint contain a handwritten narrative which provides Plaintiff's Statement of Claim. Although this narrative does not state precisely where the events took place, this Court assumes that they occurred at 199 Amboy Street, Brooklyn: the apartment building or shelter where Plaintiff and defendants all allegedly reside. This Court also assumes that allegations in this narrative are true for purposes of this Memorandum and Order.

The narrative alleges that on October 20, 2012, a building employee named Mr. Forchin – who is not a party to this action – "put his hand on [Plaintiff's] brother and push[ed] him."

---

[1] Elsewhere, the Complaint refers to the first of these defendants as "Ms. Fernandez-Abdallah," Fernandez-Abdllah and Fernandez. In the interests of consistency, this Court will refer to this defendant as Fernandez.

Complaint at 3. When Plaintiff's brother told her about this incident, Plaintiff called the police. *Id.* The Complaint does not allege what, if any, action the police took in response to Plaintiff's complaint, but alleges that Mr. Forchin retaliated by turning "all the people . . . working inside the building against [Plaintiff and her family]." *Id.*

This retaliation took two forms. First, Mr. Forchin "made the maintenance people" turn off the heat and hot water in Plaintiff's apartment. *Id.* The Complaint does not allege precisely when or how many times this occurred, but suggests that it occurred on several occasions. Although services were restored after Plaintiff "called them downstairs" and threatened to call "311" to complain, *id.* at 4, Plaintiff "sometime[s] . . . had three or four days without . . . heat." *Id.* at 3. As a result, Plaintiff's baby contracted pneumonia. *Id.* at 4.[2]

The retaliation also allegedly came in the form of harassment from defendants Fernandez and Homes. According to the Complaint, Fernandez – whom Plaintiff refers to as a "case manager" – knocked on the door of Plaintiff's apartment on January 19, 2013. *Id.* at 3. Plaintiff went to the door but refused to admit Fernandez, saying that she was "very busy" and had just finished taking a shower and had no clothes on. *Id.* Although Plaintiff asked Fernandez to "come later" and offered to "go downstairs" to speak to her, Fernandez and Homes entered the apartment uninvited a few minutes later. Upon seeing Plaintiff, defendants allegedly said something to the effect of, "[B]itch, why don't you open the door." *Id.*

---

[2]This allegation is corroborated by documentation from Brookdale University Hospital Medical Center, which is attached to the Complaint as pages 8 and 9. This documentation indicates that one Jahhel Felix visited the emergency room on February 17 and 22, 2013, and was diagnosed with a fever and pneumonia on the latter occasion.

Plaintiff called the police. The officers who responded apparently took no action, telling Plaintiff to give defendants "one more chance[]," and saying that she could call "911" if it happened again. *Id.*

On January 22, 2013, Fernandez knocked on Plaintiff's door again. When Plaintiff opened the door, Fernandez said something to the effect of "[B]itch, you think the police would do something for you when you called the police for me and Ms. Homes." *Id.*

Plaintiff's narrative does not allege what, if any, action Plaintiff took as a result of the January 22, 2013, incident. However, a New York City Police Department report attached to the Complaint as pages 5 through 7 indicates that Plaintiff went to the 73rd Precinct on January 25, 2013, and filed a complaint against Fernandez. According to that report, Plaintiff claimed that Fernandez was "constantly knocking on her door," causing Plaintiff annoyance and alarm. *Id.* at 5. Although Plaintiff also told police that Fernandez had threatened her and that she was fearful for her safety, no arrests were made and the case was closed. *Id.*

According to the Complaint, Plaintiff remains fearful. Plaintiff alleges that every time Fernandez comes upstairs, she is "looking at [Plaintiff] very bad." *Id.* at 4. Indeed, Plaintiff concludes her narrative by stating: "I don't feel save [*sic*] inside the apartment because those people I have [a] problem with they put all the friends against us in the apartment." *Id.*

## DISCUSSION

### Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Although all allegations contained in the complaint are assumed to be true, this is 'inapplicable to legal conclusions.'" *Rahim v. Secretary, Establishment Div., Government of People's Repub. of Bangladesh*, 481 Fed.Appx. 18, 18 (2d Cir. 2012) (summary order) (quoting *Iqbal*, 556 U.S. at 678). Thus, while a complaint need not include "detailed factual allegations," a pleading "that offers 'labels and conclusions'" or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Like pleadings drafted by lawyers, "*pro se* complaints must contain sufficient factual allegations to meet the plausibility standard." *Andersen v. Young & Rubicam Advertising*, 487 Fed.Appx. 675, 675 (2d Cir. 2012) (summary order). However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must

grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### *Subject-matter Jurisdiction*

"[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Subject-matter jurisdiction "cannot be created by the consent of the parties," *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012), and the absence of subject-matter jurisdiction "is not waivable." *Lussier*, 211 F.3d at 700. Thus, "[i]f subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01. Moreover, a federal court has an obligation to examine the basis of its jurisdiction, *see FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Id.* "In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine,* 415 U.S. 528, 537 (1974) (internal quotations and brackets omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).

The Complaint in this case does not allege a basis for subject-matter jurisdiction. The Complaint specifically alleges that all of the parties not only reside in the same state, but reside in the same building. Accordingly, there is no basis for diversity of citizenship jurisdiction.

6

The Complaint also does not allege a basis for federal question jurisdiction. Reading the Complaint liberally, this Court construes paragraph II on page 2 of the Complaint as completing the sentence set forth in paragraph II on page 1 and, accordingly, construes the Complaint as alleging that "[T]he jurisdiction of this Court is invoked pursuant to discrimination." However, the Complaint does not allege facts to support an allegation that defendants discriminated against Plaintiff because of her membership in a protected class. Indeed, the pleading does not allege that Plaintiff was even a member of such a class. Rather, the narrative set forth on pages 3 and 4 of the Complaint expressly states that defendants subjected Plaintiff to harassment because she complained to the police about Mr. Forchin's assault of her brother.

In addition, the relief which Plaintiff seeks in this action is not of a sort that this Court can grant. Again reading the Complaint liberally, this Court construes paragraph IV on page 2 of the Complaint as relating to paragraph IV on page 1 and, therefore, construes the Complaint as seeking to "press charges against [the] shelter" located at 199 Amboy Street, Brooklyn. However, "criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." *Solomon v. H.P. Action Ctr.*, No. 99 Civ. 10352 (JSR), 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999). Accordingly, a private citizen cannot bring suit to compel the initiation of criminal proceedings. *See id.* (plaintiff's request that the defendant be charged with a crime is not cognizable); *Lis v. Leahy*, No. CIV-90-834E, 1991 WL 99060 at *1 (W.D.N.Y. Jun. 3, 1991) ("A private citizen does not have a constitutional right to . . . compel the initiation of criminal proceedings.").

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed both because it fails to allege a basis for subject-matter jurisdiction and because it fails to state a claim on which this Court can grant relief. However, in light of Plaintiff's *pro se* status, the Court will grant Plaintiff 30 days from the date of this Memorandum and Order in which to amend her complaint.

If Plaintiff elects to file an amended complaint, that pleading must be captioned as an "AMENDED COMPLAINT" and bear docket number "13-CV-1219 (SLT) (LB)." That amended complaint, which will completely replace the original Complaint, must allege facts suggesting a basis for subject-matter jurisdiction. Plaintiff does not need to provide the precise federal statute under which she is seeking relief, but must provide sufficient facts to at least suggest that there is a basis for federal question jurisdiction. In addition, the amended complaint must expressly request relief that this Court can grant.

All further proceedings shall be stayed for 30 days from the date of this Memorandum and Order. If Plaintiff fails to file an amended complaint within that 30-day period, judgment shall be entered against her. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge Sandra L. Townes

/ SANDRA L. TOWNES
United States District Judge

Dated: March 29 , 2013
Brooklyn, New York